IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN RAY NELSON, ID # 1130776,  )<br>    Petitioner,  )<br>vs.  )<br>  )<br>NATHANIEL QUARTERMAN, Director,  )<br>Texas Department of Criminal  )<br>Justice, Correctional Institutions Division,  )<br>    Respondent.  ) | No. 3:06-CV-1562-M (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Rockwall County conviction for aggravated assault with a deadly weapon on a public servant in Cause No. 2-02-206.[1] Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

---

[1] In a different federal action (Cause No. 3:06-CV-0642-M), petitioner challenges related Rockwall County convictions (Cause Nos. 2-02-207 and 2-02-208). To the extent filings in the other federal action address matters relevant to the instant action, the Court will take judicial notice of such filings.

**B. Procedural History**

In November 2002, a jury convicted petitioner of two counts of aggravated assault with a deadly weapon on a public servant and one count of tampering with evidence in Cause Nos. 2-02-206, 2-02-207, 2-02-208. On January 6, 2004, the court of appeals affirmed his convictions. *See Nelson v. State*, Nos. 05-02-01917-CR, 05-02-01918-CR, 05-02-01919-CR, 2004 WL 26862, at *1-2 (Tex. App. – Dallas Jan. 6, 2004, pet. ref'd). On September 15, 2004, the Court of Criminal Appeals refused his petition for discretionary review. *Nelson v. State*, No. 05-02-01917-CR, http://www.courtstuff.com/FILES/05/02/05021917.HTM (docket sheet information generated Apr. 4, 2007) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas), [hereinafter State Docket Sheet].

Petitioner filed a state application seeking habeas relief for each of his Rockwall County convictions on October 25, 2004. *See* State Record (provided in Cause No. 3:06-CV-0642-M). On November 12, 2004, the court of appeals issued its mandate. *See* State Docket Sheet. On January 12, 2005, the Texas Court of Criminal Appeals dismissed petitioner's initial applications to challenge his Rockwall County convictions because his direct appeal was pending when he filed the state applications. *See* State Record. Petitioner filed state applications for writ of habeas corpus to challenge his convictions in Cause Nos. 2-02-207 and 2-02-208, but not Cause No. 2-02-206 on May 4, 2005.[2] On January 25, 2006, the Texas Court of Criminal Appeals denied the May 4, 2005 appli

---

[2] Petitioner explains in his reply brief filed in Cause No. 3:06-CV-0642-M that he did not challenge Cause No. 2-02-206 in that case because he was in the process of exhausting his state remedies for that conviction. He therein contends that (1) he was only initially informed of the dismissal of the state applications as they related to his convictions in Cause Nos. 2-02-207 and 2-02-208; (2) he thus inquired as to the status of Cause No. 2-02-206; and (3) was informed on January 25, 2005, that his state application regarding Cause No. 2-02-206 remained pending. A January 7, 2006 status request from petitioner regarding his state applications filed in Cause Nos. 2-02-207 and 2-02-208 indicates that (1) he was informed on January 28, 2005, that his state application regarding Cause No. 2-02-206 remained pending, (2) he inquired

cations. *See id.* Petitioner filed a second state application seeking habeas relief from the conviction challenged in this federal action on March 1, 2006, and the Texas Court of Criminal Appeals denied it on July 19, 2006. (Pet. Writ of Habeas Corpus ¶ 11.)

Petitioner filed the instant petition on August 9, 2006, when he placed it in the prison mail system. (*Id.* at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). In eighteen grounds for relief, petitioner claims that the trial court, the prosecutor, and his attorney made various errors at and before trial.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes

---

whether it remained pending, and (3) he asked whether all of his pending applications could be considered together. *See* State Record. On January 20, 2006, the Texas Court of Criminal Appeals informed petitioner that his state application regarding Cause No. 2-02-206 had been dismissed on January 12, 2005, because his direct appeal was pending when he filed it. *See id.*

a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.[3] Nor does petitioner base his petition on any new constitutional right under subparagraph (C) or any fact under subparagraph (B) that became known after his conviction became final. Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the date petitioner's conviction became final.

In this instance, petitioner appealed his conviction; the Texas Court of Criminal Appeals refused his petition for discretionary review on September 15, 2004; and petitioner filed no petition for writ of certiorari. In such cases, the state conviction becomes final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the petition for discretionary review – in this instance on December 14, 2004. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.

---

[3] Petitioner states in his reply filed in his federal challenge to Cause Nos. 2-02-207 and 2-02-208 that he was "misinformed" regarding the pendency of his first state application filed to challenge Cause No. 2-02-206. Such misinformation, however, did not prevent petitioner from filing a second state application to challenge that conviction or from filing a federal petition to challenge that application. To satisfy § 2244(d)(1)(B), "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Petitioner has not made the requisite showing.

4

Because petitioner filed his August 9, 2006 petition more than one year after his conviction became final on December 14, 2004, a literal application of § 2244(d)(1) renders the filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

### A. Statutory Tolling

Because the Texas Court of Criminal Appeals dismissed petitioner's first state petition due to a pending appeal, petitioner did not properly file such petition so as to invoke the statutory tolling provision of 28 U.S.C. § 2244(d)(2).[4] *See Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004) (holding that a state application for writ of habeas corpus that is erroneously accepted by a court which lacks

---

[4] An individual convicted of a felony offense in Texas has two avenues through which he or she may challenge the conviction – direct appeal and state habeas. If the individual pursues a direct appeal, such appeal deprives the habeas courts of jurisdiction until the appeal becomes final by entry of the mandate by the court of appeals. *See Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (per curiam) (recognizing that the Texas Court of Criminal Appeals "does not have jurisdiction to consider an application for writ of habeas corpus pursuant to Art. 11.07 until the felony judgment from which relief is sought becomes final" by issuance of the mandate by the court of appeals). In this instance, petitioner pursued a direct appeal and filed a petition for discretionary review. Although the court of appeals refused the petition for discretionary review on September 15, 2004, it did not issue its mandate until November 12, 2004. Thus, although the appeal may have appeared to be final on September 15, 2004, it did not become legally final in accordance with Texas law until November 12, 2004. *See id.*

5

jurisdiction over the writ is not properly filed); *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (holding that the Texas Court of Criminal Appeals has no jurisdiction over a state writ until the direct appeal is final). Petitioner did not properly file a state application to challenge his conviction in Cause No. 2-02-206 until March 1, 2006. By that time, the one-year period of limitations had expired. Petitioner is thus entitled to no statutory tolling under § 2244(d)(2).

**B. Equitable Tolling**

In this instance, petitioner does not specifically invoke the principles of equitable tolling. Nevertheless, his reply filed in his federal challenge to his other state convictions indicates that he was misinformed about the pendency of his first state habeas application. The instant federal petition, furthermore, raises claims of actual innocence. The Court thus considers whether equitable tolling is warranted in this case.

The Fifth Circuit Court of Appeals held in *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998), "as a matter of first impression, that the AEDPA one-year limitations period was a statute of limitations, not a bar to federal jurisdiction . . . [and thus] could be equitably tolled, albeit only in 'rare and exceptional circumstances.'" *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Nevertheless,

6

a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). "The petitioner bears the burden of proof concerning equitable tolling, and must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (footnote omitted).

The alleged misinformation concerning the pendency of petitioner's first state application related to Cause No. 2-02-206 provides no basis for equitable tolling. Despite the alleged misinformation, petitioner knew or should have known that his state application suffered the same procedural defect that caused his first state applications related to Cause Nos. 2-02-207 and 2-02-208 to be dismissed, *i.e.*, they were filed before the court of appeals issued its mandate on his direct appeal. The alleged misinformation did not prevent petitioner from filing a second state application to challenge the 2-02-206 conviction or from filing a federal petition to challenge that conviction. Petitioner, furthermore, did not act diligently with respect to pursuing the instant federal challenge. He did not file a second state application to challenge the 2-02-206 conviction until March 1, 2006, after the Texas Court of Criminal Appeals denied his second state applications regarding the 2-02-207 and 2-02-208 convictions.

With respect to petitioner's claims of actual innocence, the Court first notes that such a claim "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain

they are innocent", *see Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000). Petitioner, moreover, has not established that he is actually innocent. The Supreme Court has held that to show actual innocence, a petitioner must establish:

> that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt . . . in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial.

*Schlup v. Delo*, 513 U.S. 298, 321 (1995). In this case, petitioner essentially quarrels with the jury verdict and the jury's resolution of factual disputes. In a jury trial, however, the jury is the ultimate finder of fact and judge of the credibility of witnesses. In light of the evidence presented at trial, a jury found petitioner guilty beyond a reasonable doubt. Petitioner has presented no new evidence that exculpates him or makes it more likely than not that no reasonable juror would have found him guilty.

Because neither statutory nor equitable tolling save petitioner's August 9, 2006 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

## IV. EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED** this 31st day of July, 2007.

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE